IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NEDWARD CHADNEZZAR FOWLER,**

    Plaintiff,

v.                                                        Civil Action No. **3:24CV54**

**JASMINE WHITE,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Nedward Chadnezzar Fowler, a former Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Fowler's claims and the action will be dismissed without prejudice for failure to state a claim.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act

as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY

Fowler filed his original Complaint against five individuals in the Richmond Police Department. (ECF No. 1, at 1–3.)[1] In his Complaint, however, Fowler did not identify the particular constitutional right that was violated by the defendants' conduct, and his allegations failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp.*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on June 28, 2024, the Court directed Fowler to file a particularized complaint within thirty (30) days of the date of entry thereof. (ECF No. 11.) The Court instructed as follows:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:24CV54."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotation from Fowler's submissions.

3

> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 11, at 1–2.) On August 19, 2024, more than twenty days beyond the time permitted by the June 28, 2024 Memorandum Order, the Court received Plaintiff's Particularized Complaint. (ECF No. 12.) Plaintiff, however, failed to follow the specific instructions of the Court. Accordingly, by Memorandum Order entered on September 11, 2024, the Court explained that:

> Plaintiff filed a Particularized Complaint three weeks past its due date. (ECF No. 12.) The Particularized Complaint is only three pages in length and provides even less facts in support of his claims than his original Complaint. In addition to not providing sufficient facts to support his claims, Plaintiff fails to identify the *particular* constitutional right that was violated by the defendants' conduct. At most, Plaintiff indicates that defendants "violated [his] civil rights," but he fails to identify which of his civil rights was violated, as he must. (*Id.* at 1–3.)

(ECF No. 13, at 1 (emphasis in original).) The Court directed Fowler to file a second particularized complaint within thirty (30) days of the date of entry thereof. In addition to similar instructions provided in the June 28, 2024 Memorandum Order, the Court explained:

> c. The particularized pleading will supplant the prior complaints. This means that the particularized complaint will REPLACE any other complaint and the Court will not consider any old complaint. The particularized pleading must stand or fall of its own accord so Plaintiff should include all facts and all legal claims that he wishes the Court to consider. Plaintiff may not reference statements in the prior complaints.

(*Id.* at 2.) The Court once again informed Plaintiff that the failure to comply with its directions would result in dismissal of the action. (*Id.* (citing Fed. R. Civ. P. 41(b).)

4

On October 8, 2023, the Court received Plaintiff's Second Particularized Complaint. (ECF No. 14.) The Second Particularized Complaint, however, is also deficient for the same reasons previously identified by the Court.

### III. ALLEGATIONS AND CLAIMS

In his Second Particularized Complaint, Fowler names three individuals as Defendants: Jasmine White, Ronald Slade, and Andrew Wlag, who appear to be officers in the Richmond Police Department ("Defendants"). (ECF No. 14, at 1.)[2] Fowler alleges as follows:

> On July 9, 2019, Jasmine White, Ronald Slade and Andrew Wlag accuse me of a crime that I did not commit behind Martin Luther King School. The three police officer[s] give a statement. I[n] their statement, the officers said that they was shot at two time[s].
> Jasmine White, in the statement she gave said that she was shot at two time[s] and I was accuse[d] of the shooting. The police body camer[a] do not show anyone in use of a firearm [showing] that statement Jasmine White gave was not the truth. On that night of July 9, 2019, [no] one shot at the police behind Martin Luther King school. I was accused and arrested and held without bond in jail. That is how Jasmine White violated my civil right.
> Ronald Slade, in the statement that he gave, he said that he was shot at two time[s]. Accuse[d] me of shooting at him. That is how Ronald Slade violated my civil right on the night of July 9, 2019 behind Martin Luther King School. I was arrested and held without bond in jail.
> Andrew Wlag, in the statement that he gave, he said that I shot at him two time[s] behind Martin Luther King School. That is how Wlag violated my civil right. I was arrested and held without bond in jail. On July 9, 2019, Andrew Wlag know that the police body camera do not show anyone shooting at him. There is solid proof on the police body camera.
> My civil rights was violated by all three of those former police officers accuse me of shooting at them.
> I was arrested and charge[d] with being in possession of a firearm without having a firearm.
> I lost me freedom, my income, my home, and doing the time of being lock[ed] up in jail for a crime that I did not commit and held without bond. My wife pass[ed] away and I was not allowed to go to my wife['s] funeral service.
> I was taken to a forensic lab to be tested for gunpowder residue. The test came back no report of gunpowder residue on my body. I was still kept and held

---

[2] Fowler does not name William Thompson or David Burt as Defendants in his Second Particularized Complaint. The Clerk, therefore, is DIRECTED to terminate these individuals as parties to the action.

> without bond for four years and there was never a [trial] because the police was never shot at.
>
> ... There [is] solid evidence and proof that on the night of July 9, 2019 behind Martin Luther King School those former[] police officers was never shot at by anyone. I have clearly pointed out how these former police officer violated my civil rights.

(ECF No. 14, at 1–3 (paragraph numbers omitted.) Fowler identifies no specific relief that he seeks from this action.

## III. ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Fowler's unidentified theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). In order to state a claim for relief that in order to state a viable claim under 42 U.S.C. § 1983,[3] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Despite two previous warnings, Fowler once again fails to identify the particular constitutional right that was violated by the Defendants' conduct. At most, he simply claims that each Defendants violated his "civil rights." This is insufficient to state a claim for relief. Because

---

[3] That statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

Fowler fails to allege facts that would plausibly suggest that Defendants violated his constitutional rights, his claims are DISMISSED without prejudice for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Fowler's claims, and the action, are DISMISSED without prejudice for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 21 November 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

7